# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MAIRA GUZMAN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 CV 6617 |
| | ) | Judge Blanche M. Manning |
| CITY OF CHICAGO, MARVIN | ) | |
| BONNSTETTER, and DANILO ROJAS, | ) | |
|     Defendants. | ) | |

## MEMORANDUM AND ORDER

The parties have filed motions in limine in advance of the upcoming trial. For the reasons discussed below, the motions [185-1 & 186-1] are granted in part and denied in part.

## PLAINTIFF'S MOTIONS IN LIMINE [185-1]

### 1. Motion to Bar Evidence of Immigration Status

Guzman seeks to exclude evidence of her immigration status, arguing that her status is irrelevant. However, during her deposition Guzman testified that part of her fear during officers' illegal search of her apartment was that she would get in trouble for being in the United States. Therefore, her immigration status is relevant to her claim for emotional damages.

Accordingly, the motion to exclude evidence of her immigration status is denied.

### 2. Motion to Bar Evidence of Gun Found in her Backyard

Guzman also seeks to bar evidence of a gun found in her backyard during the illegal search of her property. The defendants respond that evidence of the gun is relevant to their defense of the illegal search claim. However, the court has granted summary judgment to Guzman on that claim.

Accordingly, the motion to exclude evidence of the gun is granted.

### 3. Motion to Allow Plaintiff to Call Non-Party City Police Officers and Employees as Adverse Witnesses

Next, Guzman seeks to call non-party Chicago police officers and employees as adverse witnesses.

Under Federal Rule of Evidence 611(c), leading questions may be used on direct examination of a "witness identified with an adverse party." When the city is a defendant to a § 1983 claim, police officers employed by the city and who were present during portions of the incident at issue are "clearly qualified as a 'witness identified with an adverse party.'" *Ellis v. City of Chicago*, 667 F.2d 606, 612-13 (7th Cir. 1981).

Guzman has not identified within her motion which non-defendant officers or city personnel she seeks to call as adverse witnesses or described their connection to the incident. Accordingly, at this time the court cannot assess whether the officers or employees can be "identified with an adverse party."

Thus, before attempting to question any non-defendant officers or employees as hostile witnesses, Guzman must seek the court's permission at trial.

### 4. Motion to Bar Evidence of Gang Activity in Guzman's Neighborhood

Finally, Guzman seeks to bar evidence of gang activity in the neighborhood where the search occurred, arguing that such evidence can be unfairly prejudicial. *See United States v. Irvin*, 87 F.3d 860, 865-66 (7th Cir. 1996) ("the danger of unfair prejudice stemming from the admission of the gang evidence in this case was substantial. . . . There is therefore always the possibility that a jury will attach a propensity for committing crimes to defendants who are affiliated with gangs or that a jury's negative feelings towards gangs will influence its verdict."); *Charles v. Cotter*, 867 F. Supp. 648, 658 (N.D. Ill. 1994) (identifying a § 1983 plaintiff "as a gang member is unfairly prejudicial insofar as it encourages the inference that Charles is an evil and menacing person.")

The defendants seek to use such evidence, not because Guzman was affiliated with gangs but, rather, because (1) it explains officers' "state of mind when they obtained and executed the search warrant," and (2) "to rebut Plaintiff's alleged damages, specifically that she moved because she was afraid that the police would come back to execute another search warrant." Response [188-1] at 10.

The defendants' first proposed use of gang-related evidence is moot. Officers' state of mind when obtaining and executing the search warrant is no longer an issue because the court has granted summary judgment to Guzman on her illegal search and false arrest claims.

As for the relevance of evidence of gangs to Guzman's claim for damages, the defendants have failed to explain how Guzman's fear of gangs rebuts her claim for damages. If Guzman attributes her damages in part to gang activity in her neighborhood, then the defendants will be free to explore the issue of gangs. Short of that, such evidence would be irrelevant.

Accordingly, the motion to exclude evidence of gangs is granted. However, the court will revisit the issue if Guzman introduces evidence of gangs.

**DEFENDANTS' MOTIONS IN LIMINE [186-1]**

    **1.    Motion to Bar Plaintiff From Calling Non-Party Witnesses as Adverse Witnesses**

See resolution of plaintiff's motion in limine #3.

    **2.    Motion to Bar Evidence of Deficiencies in Hiring, Training, or Supervision of Police Officers**

The motion is unopposed and, therefore, is granted.

    **3.    Motion to Bar Evidence of Wrongdoing by Non-Defendant Officers**

The defendants seek to bar evidence of the conduct of non-defendant police officers during their search of Guzman's apartment and her subsequent false arrest. The defendants contend that evidence of the other officers' conduct is irrelevant because, in the absence of an allegation of conspiracy, the named defendants cannot be held liable for the actions of others. *See Knightman v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009) (under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right).

However, evidence of the other officers' conduct is necessary to fully explain the events that occurred during the illegal search of Guzman's apartment and her false arrest and, therefore, is relevant to provide context. *See O'Sullivan v. City of Chicago*, 484 F. Supp. 2d 829, 847 (N.D. Ill. 2007) ("inextricably intertwined" evidence is admissible if necessary to complete the party's story).

Accordingly, the motion to bar evidence of the non-defendant officers' conduct during the events at issue is denied.

    **4.    Motion to Bar Evidence of Guzman's Pregnancy**

The defendants seek to bar evidence that Guzman was pregnant at the time of the illegal search. In support, they contend that there is no evidence that any harm befell Guzman or her unborn child as a result of the illegal search and false arrest. However, Guzman is claiming damages related to her pregnancy and is entitled to present evidence to support her claim.

Accordingly, the motion to bar evidence of Guzman's pregnancy is denied.

    **5.    Motion to Bar Evidence of Damage to Guzman's Door**

Next, the defendants seek to bar evidence of damage to the door to Guzman's apartment. In support, the defendants contend that evidence of damage to Guzman's door is irrelevant if the

search of her apartment was reasonable. However, the court previously granted summary judgment to Guzman on her illegal search claim.

Accordingly, the motion to bar evidence of damage to the door of Guzman's apartment is denied.

### 6. Motion to Exclude Evidence of Alleged Police "Code of Silence"

The defendants seek to bar generalized evidence of a police "code of silence," under which police officers allegedly lie, conspire, and cover-up in order to protect fellow officers. Guzman responds that evidence of a code of silence would be probative of officers' bias, and that bias is always relevant. *See Townsend v. Benya*, 287 F. Supp. 2d 868, 876 (N.D. Ill. 2003).

The court agrees that the plaintiffs are entitled to "develop the theme that a code of silence existed among *these particular officers* in *this particular incident*." *Moore v. City of Chicago*, No. 02 CV 5130, 2008 WL 4549137, at *6 (N.D. Ill. Apr. 15, 2008) (emphasis added). Accordingly, the motion in limine is granted in part and denied in part as follows: (1) the plaintiff may not introduce generalized evidence of a "code of silence" but (2) may introduce evidence that the officers involved in the events underlying the complaint adhered to a "code of silence" regarding the alleged violation of the plaintiff's constitutional rights.

### 7. Motion to Bar Opinion Evidence by Non-Expert Witnesses

Finally, the defendants seek to bar testimony from lay witnesses about the physical or psychological damages Guzman suffered as a result of the conduct alleged in the complaint because they are not medical experts. Guzman objects on the basis that the motion to exclude is overly broad and would prohibit her and others from describing the physical and emotional toll she suffered at the hands of the defendants.

Under Federal Rule of Evidence 701, a lay witness may offer opinion testimony only to the extent that it is "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." Guzman and others are therefore entitled to testify about their own perceptions, including the physical and emotional effects of the defendants' alleged conduct. They cannot, however, offer medical opinions that require scientific, technical, or other specialized knowledge. Indeed, in her response Guzman states that she does not intend to offer such testimony herself.

Accordingly, the motion to bar is denied as overly broad.

### 8. Motion to Allow Evidence of Guzman's Immigration Status

See resolution of plaintiff's motion in limine #1.

9. **Motion to Bar Evidence of Hardship to Plaintiff of Prosecuting the Instant Civil Case**

The motion is unopposed and, therefore, is granted.

10. **Motion to Bar Argument that Issuance of Warrant was Improper or That Informant John Doe Does Not Exist**

Guzman states that she does not intend to argue that the search warrant was improperly issued or suggest that police informant John Doe does not exist.

Accordingly, the motion to exclude such argument is granted.

11. **Motion to Bar Any Mention of Appeal**

The motion is unopposed and, therefore, is granted.

12. **Motion to Bar Any Evidence of Excessive Force, Battery, or False Arrest**

Next, the defendants seek to prohibit Guzman from introducing evidence of excessive force, battery, or false arrest. In support, they note that Guzman previously dropped her constitutional claim of excessive force and her state law claims of battery and false arrest, and therefore such evidence is no longer relevant. However, the claims that remain include constitutional claims of illegal search, false arrest, and a state law claims of willful and wanton conduct. Evidence of the defendants' false arrest and use of force is relevant to what damages Guzman allegedly suffered as a result of the defendants' conduct and, therefore the evidence is relevant.

Accordingly, the motion to bar evidence of excessive force, battery, and false imprisonment is denied.

13. **Motion to Bar Prior Disciplinary Records of the Officers Who Searched Guzman's Apartment**

The defendants seek to bar the prior disciplinary records of the officers involved in the instant incident. Guzman does not intend to introduce such evidence and, therefore, the motion is granted.

14. **Motion to Exclude Any Argument that Officers Improperly Searched the First Floor of Her Apartment Building**

The defendants seek to bar any argument that officers illegally searched the first floor of the apartment building where she lived. Guzman responds that establishing that the officers'

search was illegal "is a necessary part of [her] legal theory." Response [189-1] at 7. However,Guzman does not have standing to assert a claim or recover damages for the illegal search of property that was not hers. *See Katz v. United States*, 389 U.S. 347, 353 (1967).

Accordingly, the motion to bar *argument* that the search of the first floor was illegal is granted. However, Guzman is not prohibited from introducing *evidence* that a search occurred to the extent that it is "inextricably intertwined" with evidence of the illegal search of her apartment and her subsequent false arrest. *See O'Sullivan*, 484 F. Supp. 2d at 847.

**15.     Motion to Exclude Non-Party Witnesses From the Courtroom**

The motion is unopposed and, therefore, is granted.

**16.     Motion to Bar Evidence of Other Publicized Instances of Alleged Police Misconduct**

Next, the defendants seek to bar evidence of highly publicized allegations of misconduct by police officers who have no connection to this case. They have not, however, identified the precise allegations of misconduct they seek to exclude.

Without elaboration about the precise evidence they either seek to bar, the court cannot assess whether or not the evidence is admissible. Accordingly, the motion to exclude is denied without prejudice as premature. Should the need arise, the court will address at trial the admissibility of other evidence of police misconduct upon the motion or objection of either party.

**17.     Motion to Bar Argument That Jurors Should Punish the City with its Verdict**

The defendants seek to preclude the plaintiffs from arguing that the jury should "send a message" to the City of Chicago with its verdict, or somehow punish the City with its verdict, contending that such an argument is improper because the plaintiffs cannot recover punitive damages from the City. In other words, the defendants assert that arguments about sending a message or punishing the City are improper because they can only support a request for punitive damages, which are unavailable.

The plaintiff disagrees, noting that she is entitled to ask the jury to "send a message" by awarding full compensatory damages for her injuries.

The court agrees with the plaintiff and denies the motion in limine with the caveat to the plaintiffs that any "message" or "punishment" arguments must be made in the context suggested above, and must not imply that they are entitled to punitive damages from the City.

### 18. Motion to Bar Evidence Regarding Settlement Discussions

The motion is unopposed and, therefore, is granted.

### 19. Motion to Bar Evidence of Any Violation of Police Department Orders or Directives

The defendants seek to bar any evidence that any police officer who is a defendant or witness in this case violated the rules and regulations of the Chicago police department. The defendants correctly argue that violations under local laws and regulations have no bearing on claims brought under 42 U.S.C. § 1983, which involve violations under the constitution. *See Thompson v. City of Chicago*, 472 F.3d 444, 455 (7th Cir. 2006). Accordingly, the motion in limine [227-1] is granted.

However, if developments at trial make evidence about police department rules and regulations relevant to an issue other than Guzman's constitutional rights, the court will address at that time whether the proffered evidence is admissible.

### 20. Motion to Bar Evidence Regarding Office Of Professional Standards Investigation

The defendants seek to bar any evidence or argument about any investigation by the Office of Professional Standards. Guzman responds that she does not intend to introduce such evidence.

Accordingly, the motion to bar evidence or argument about any investigation by the Office of Professional Standards is granted.

**21. Motion to Bar Any Comment About Failing to Call Witnesses or Produce Evidence**

Finally, the defendants seek to prohibit Guzman from suggesting that their failure to produce a particular witness or to present particular evidence reflects poorly on their case because the witness or evidence would have been harmful. While the parties are free to note the fact that a particular witness or evidence was not presented, they may not offer speculation as to the reason. *See* Seventh Circuit Pattern Jury Instruction 1.18 ("The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.").

ENTER:

DATE: February 25, 2010

                                                    Blanche M. Manning
                                                    United States District Judge